**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARNI LYNN ALWARD,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-00170<br><br>Chief Judge Cathy Bissoon |

**MEMORANDUM AND ORDER**

Among the motions pending before this Court are Plaintiff's Motion to Adjudge Defendants in Civil Contempt and for Sanctions for Violation of Pre-Removal Judicial Subpoena (Doc. 31), Motion for Leave to File the Motion at Document Number 31 (Doc. 32), second Motion for Sanctions for Failure to Meet and Confer in Good Faith (Doc. 38), Motion for Production of Documents (Doc. 41) and Motion for Protective Order (Doc. 42). Also pending is Defendants' Motion to Stay Discovery (Doc. 35). For the following reasons, the Court will strike Plaintiff's Motion for Production of Documents (Doc. 41), deny as moot Plaintiff's Motion for Leave to File (Doc. 32), deny Plaintiff's remaining motions on the merits (Docs. 31, 38 and 42) and grant Defendants' Motion to Stay Discovery (Doc. 35).

**I. MEMORANDUM**

Plaintiff's Motion to Adjudge Defendants in Civil Contempt and for Sanctions for Violation of Pre-Removal Judicial Subpoena (Doc. 31) will be denied, as the only evidence of a state court "subpoena" on the record is Plaintiff's Praecipe for Issuance of a Subpoena Duces Tecum and a Proposed Subpoena, both of which are signed only by Plaintiff. See Defs.' Br. in Opp. to Pl.'s Mot. to Adjudge Defs.' in Civil Contempt and for Sanctions (Doc. 34) at 4; Doc.

34-2 at 2–7 (displaying Plaintiff's Praecipe and Proposed Subpoena). There is no evidence that a valid subpoena was ever issued by either the Court of Common Pleas or the Erie County Prothonotary before this case was removed to this Court. See Cohen v. Pelagatti, 493 A.2d 767, 770 (Pa. Super. Ct. 1985) ("[T]he power to issue subpoenas is limited to the judiciary."). Plaintiff's request for sanctions based on failure to obey a proposed subpoena authorized by no one but herself is not only unfounded, it is blatantly dishonest and an attempt to usurp the power of the judiciary and mislead this Court. See, e.g., Pl.'s Reply Mem. in Supp. of Mot. to Adjudge Defs.' In Civil Contempt and for Sanctions (Doc. 36) at 2 ("The judicial subpoena issued to Defendants prior to removal is a binding order of the court.").

Plaintiff's Motion for Leave to File (Doc. 32) her Motion at Doc. 31 will be denied as moot. As the Court previously informed Plaintiff, parties do not require court permission to file motions. See Order (Aug. 4, 2026) (Doc. 25).

The Court will strike Plaintiff's Motion for Production of Documents (Doc. 41). First, as Defendants already pointed out, Plaintiff's citation of 43 Pa. Stat. Ann. §§ 1321–24 to demand access to her personnel file is inapplicable, as she is a former employee not entitled to these documents. See Pl.'s Mot. for Production of Docs. (Doc. 41) at 1–2; Pl.'s Resp. in Opp. to Defs' Mot. to Stay Discovery (Doc. 39) at 1; Defs' Br. in Opp. to Pl.'s Mot. for Sanctions (Doc. 40) at 12–13; Thomas Jefferson Univ. Hosps., Inc. v. Ps. Dep't of Lab. & Indus., 162 A.3d 384, 386 (Pa. Super. Ct. 2017) ("Because we conclude that the Act's definition of 'employee' excludes former employees, we hold that a terminated employee is precluded from inspecting her file."). Moreover, the Court finds no reason to compel discovery before Rule 26(f) conferral. Plaintiff is advised that any future premature discovery requests likewise will be stricken.

Plaintiff's Motion for Civil Contempt and Sanctions for Defendants' Failure to Meet and Confer in Good Faith (Doc. 38) likewise will be denied for the reasons articulated in Defendants' Brief in Opposition (Doc. 40). Plaintiff's complaints consist of defense counsel's: 1) refusal to provide her with her personnel records (which, as discussed above, she has no right to) without a valid subpoena (which, again, does not exist); 2) interruption of her while speaking on the phone; and 3) refusal to discuss discovery or create a discovery plan (which is premature at this stage). See Doc. 38 at ¶¶ 5–12. Plaintiff incorrectly claims that Defendants' behavior violates this Court's briefing schedule (Doc. 7), which did not authorize discovery, set an Initial Case Management Conference or require conferral under Fed. R. Civ. P. 26(f). See Order (July 20, 2026) (Doc. 7). Her misrepresentation of the Court's order to justify sanctions is disingenuous at best.

The Court will deny Plaintiff's Motion for Protective Order (Doc. 42). Plaintiff's consent is not required for defense counsel to correspond with her via email, as she suggests, and she has identified no inappropriate communication. See Doc. 42 at ¶¶ 4–6. Plaintiff is reminded that she has chosen to sue Defendants, and she accordingly must communicate with their counsel.

Finally, the Court will grant Defendant's Motion to Stay Discovery (Doc. 35) pending resolution of the Motion to Compel Arbitration (Doc. 4). As discussed above, Plaintiff has no right to the documents she seeks, she has not shown that they are necessary to resolve the Motion to Compel Arbitration and the Court will not compel discovery prior to Rule 26(f) conference.

## II. ORDER

For the foregoing reasons, the Court hereby STRIKES Plaintiff's MOTION for Production of Documents (Doc. 41), DENIES AS MOOT Plaintiff's MOTION for Leave to File (Doc. 32) and DENIES Plaintiff's MOTION to Adjudge Defendants in Civil Contempt and for

Sanctions for Violation of Pre-Removal Judicial Subpoena (Doc. 31), MOTION for Sanctions for Failure to Meet and Confer in Good Faith (Doc. 38) and MOTION for Protective Order (Doc. 42). The Court GRANTS Defendants' MOTION to Stay Discovery (Doc. 35). Discovery is stayed pending resolution of Defendants' Motion to Compel Arbitration (Doc. 4).

IT IS SO ORDERED.

October 26, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via first class U.S. mail):

Marni Lynn Alward
2313 Taggert Street
Erie, PA 16510